*McHenry & Hill, for appellant.*

---

CITY OF BOWLING GREEN *v.* HARMON & ELROD.

**Recovering Taxes Paid.**

A payment of taxes illegally assessed will not prevent the recovery of the money back, if paid in ignorance that the law or ordinance under which payment was made was illegal.

APPEAL FROM WARREN COURT OF COMMON PLEAS.

May 8, 1879.

OPINION BY JUDGE PRYOR:

The doctrine has been long established in this state that a payment of taxes illegally assessed will not preclude the party from recover-

ing the money back, if in ignorance at the time of payment that the law or ordinance under which payment had been made was illegal. *Underwood v. Brockman,* 4 Dana 309; *Ray & Thornton v. Bank of Kentucky,* 3 B. Mon. 510; *City of Covington v. Powell,* 2 Met. 226. A voluntary payment made with a knowledge of the legal rights of the party will prevent such a recovery, and if the claim of the appellees, when tested by this rule, is brought within it, the judgment below was erroneous and should be reversed. That the assessment was illegal must be conceded, and from the facts of this case the conclusion is inevitable that the payment was involuntarily made. The right of the city to collect the taxes had been asserted against the appellees by reason of the assessment made, notwithstanding their protest at the time that their property was not liable to be taxed for city purposes. The latter had certainly denied the rights of the city to include this property within the corporate limits for the purposes of taxation, and was compelled at one time to make payment by reason of an actual levy.

It is to be presumed that Lucas and McNeal were the city collectors and authorized to coerce payment; at least their right to receive the money has not been questioned. The property of the appellees had been assessed. The collector was demanding the taxes, and had no discretion with reference to the issue attempted to be made by the appellees. The latter had certainly denied the right of the city to coerce payment, and permitted at one time this property to be levied on. Those in authority had advised them to pay and await the decision of the court in a similar case where the question would be finally settled. Under some circumstances it cannot be said that the payment was voluntarily made and all remedy withheld, when the imposition of the burden was manifestly illegal.

If the money was not paid in this case under coercion it necessarily follows that the party aggrieved must first require his property to be levied on, and then protest against the illegal demand. The appellees had at all times denied the validity of the assessment. The tax collector was demanding the money, and a refusal to pay would have compelled the officer to make the levy. The payment was made to prevent such coercion, and being clearly illegal, it cannot be said to have been a waiver of the appellees' right to demand the restitution of their money. That portion of the opinion in the case of the *City of Bowling Green v. Gaines,* in which this question is discussed, is so modified as not to require an actual levy on the property or the

warrant of the collector to be in his hands at the time, in order to constitute an involuntary payment.

Judgment *affirmed.*

*B. F. Proctor, J. M. Hines, for appellant.*

*Halswell & Mitchell, for appellees.*